Richard M. Garbarini
GARBARINI FITZGERALD P.C.
250 Park Avenue
7th Floor
New York, New York 10177
Telephone: (212) 300-5358
Facsimile: (347) 218-9478

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LARRY G. PHILPOT,                                    Index No.: 16-cv-145

                      Plaintiff,        **COMPLAINT AND JURY DEMAND**
                                        **FOR DAMAGES FOR COPYRIGHT**
                v.                 **INFRINGEMENT**

MIDWEST COMMUNICATIONS, INC.,

                      Defendant.
-----------------------------------------------------------------x

      Plaintiff LARRY G. PHILPOT, by and through his attorneys at GARBARINI FITZGERALD P.C., brings this Complaint and Jury Demand against Defendant MIDWEST COMMUNICATIONS, INC., based on primary and secondary infringement pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101 *et seq*. (the "Copyright Act" or "Act").

## JURISDICTION AND VENUE

      1.     The jurisdiction of this Court is based upon 28 U.S.C. § 1331 in that this controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 et seq.).

      2.     Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

3. The subject photograph of Willie Nelson (the "Nelson Photograph") was included in the compilation titled "2009 Musician Photos" registered with the United States Copyright Office No. VAu 1-132-411 effective September 5, 2012, prior to the infringement by Defendant.

4. The subject photograph of Jerry Lee Lewis was included in the compilation titled "All unpublished photos 2008 to May 2013" registered with the United States Copyright Office No. VAu 1-164-648 effective May 17, 2013, prior to the infringement by Defendant.

5. Together the Nelson and Lewis Photographs are referred to as the "Copyrighted Photographs".

6. Personal jurisdiction over Defendant is proper in this Court on the ground that Defendant maintains a headquarters or otherwise resides in Wausau, WI.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c).

8. A copy of the certificate issued by the U.S. Copyright Office is annexed incorporated hereto respectively as **Exhibit A.**

## PARTIES

9. Plaintiff Larry G. Philpot ("PHILPOT") is a professional photographer who has achieved significant acclaim as a photographer for concert events held throughout the United States. PHILPOT resides in Indianapolis, Indiana.

10. Defendant Midwest Communications, Inc. ("MIDWEST") owns seventy two (72) radio stations located in the states of Wisconsin, Michigan, Minnesota, North Dakota, South Dakota, Indiana, Illinois, and Tennessee. MIDWEST has a headquarters located in Wausau, WI.

**FACTS COMMON TO ALL COUNTS**

11.    Plaintiff is a well-known photographer and earns a living licensing his photographs to businesses and musicians.  Some examples of Plaintiff's customers are AOL, AXS-TV, Berkshire Hathaway, KISS, John Mellencamp, and Willie Nelson.

12.    Plaintiff has photographed hundreds of musical artists in addition to Kid Rock, including Chuck Berry, the Lumineers, REO Speedwagon, Hall and Oates, Norah Jones, John Mellencamp, Ted Nugent, Sir Paul McCartney, Mumford and Sons, Buddy Guy, and countless other top tier artists.

13.    Plaintiff displays his work on his website <www.soundstagephotography.com>, and licenses his work for use by print and electronic publications.  His work appears in a number of Wikimedia entries, Rock History Magazine, OnStage Magazine, AXS-TV (owned by Ryan Seacrest and Mark Cuban), Dan Rather Reports, Berkshire Hathaway, and Forbes. Plaintiff's work includes album covers as well as stunning portraiture and performance photographs.

14.    Plaintiff is currently under a two year non-exclusive contract with AXS-TV, and in 2013 was contracted with Tom Petty for a single use of one of his images, and photographed Mr. Petty in both Indianapolis and Milwaukee.

15.    Defendant MIDWEST owns and operates 72 radio stations including the websites found at: (1) www.mwcradio.com, (2) www.1025kdwz.com, (3) www.1047mix.com, (4) www.1065thebuzz.com, (5) www.1660thefan.com, (6) www.927thevan.com, (7) www.929wlmi.com, (8) www.935dukefm.com, (9) www.941wvic.com, (10) www.959dukefm.com, (11) www.985wbow.com, (12) www.b93radio.com, (13) www.big921.com, (14) www.965fm.com, (15) www.froggyweb.com, (16) www.go955.com, (17) www.katcountry989.com, (18) www.kdal610.com, (19) Kelo.com, (20) www.kfgo.com,

3

(21) www.krro.com, (22) www.ktcofm.com, (23) www.ktwb.com, (24) www.kwsn.com, (25) www.my957.com, (26) www.myfm1065.com, (27) www.mymixfm.com, (28) www.q1027.com, (29) www.106fm.com, (30) www.q957.com, (31) www.radiousa.com, (32) www.rock102online.com, (33) www.rock947.com, (34) www.thedrive.fm, (35) www.whbl.com, (36) www.whtc.com, (37) www.wdez.com, (38) www.wdsm710.com, (39) www.wifc.com, (40) www.wincountry.com, (41) www.wibqam.com, (42) www.wixx.com, (43) www.wkzo.com, (44) www.wncy.com, (45) www.wnflam.com, (46) www.wnmtradio.com, (47) www.wsau.com, (48) www.wtaq.com, (49) www.wtbx.com, (50) www.wtvbam.com, (51) www.wxerfm.com,  (52) www.y94.com, (53) www.foxsportswausau.com, and (54) www.Mwcradio.com.

16.     On October 4, 2009, the Plaintiff, Larry Philpot, a United States citizen, took a photograph of entertainer Willie Nelson in performance in St. Louis, MO.  The photograph is an original work that is copyrighted under United States law with the United States Copyright Office on September 5, 2012 with the Certificate Number VAu 1-132-411.

17.     In the past two years, Defendant copied reproduced, and distributed the Nelson Photograph on: (1) B93radio.com/artists/1352/, (2) Big921.com/artists/1352/, (3) Froggyweb.com/artists/1352/, (4) Katcountry989.com/artists/1352/, (5) Ktwb.com/artists/1352/, (6) q1027.com/artists/1352/, (7) Radiousa.com/artists/1352/, (8) Wdez.com/artists/1352/, (9) Wincountry.com/artists/1352/, (10) Wncy.com/artists/1352/, and (11) 959dukefm.com/artists/1352/. Attached as **Exhibit B**.

18.     On April 30, 2011, the Plaintiff, Larry Philpot, a United States citizen, took a photograph of entertainer Jerry Lee Lewis in performance in Memphis, Tennessee. The photograph is an original work that is copyrighted under United States law with the United States Copyright Office on May 17, 2013 with the Certificate Number VAu 1-164-648.

4

19. In the past two years, Defendant copied reproduced, and distributed the Lewis Photograph on; (1) B93radio.com/artists/2307/, (2) Big921.com/artists/2307/, (3) Froggyweb.com/artists/2307/, (4) Katcountry989.com/artists/2307/, (5) Ktwb.com/artists/2307/, (6) q1027.com/artists/2307/, (7) Radiousa.com/artists/2307/, (8) Wdez.com/artists/2307/, (9) Wincountry.com/artists/2307/, (10) Wncy.com/artists/2307/, and (11) 959dukefm.com/artists/2307/. Attached as **Exhibit C**.

20. There are numerous other uses of the Nelson and Lewis Photographs by Defendant on various websites. See, e.g., **Exhibit D**.

21. By correspondence dated June 9, 2014, Defendant was put on notice of the infringing uses. See **Exhibit E**.

22. Defendant failed to remove the Copyrighted Photographs for nearly a year after it was put on notice.

23. Defendant clearly monetized the web pages where Plaintiff's appeared, with advertisements appearing on the top and sides of every page.

### FIRST CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT

24. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

25. Defendant has, without license from Plaintiff, reproduced and/or publicly distributed the Copyrighted Photographs.

26. It cannot be disputed that Plaintiff has valid, registered copyrights, and that Defendant has reproduced and displayed the Copyrighted Photographs without a license, thus infringing Plaintiff's rights under the Copyright Act. Irreparable injury is presumed here as Plaintiff has established a prima facie case of copyright infringement.

5

27. Even after Defendant was put on notice that it had no license or authority, Defendant elected to continue to reproduce and display and/or distribute Plaintiff's Copyrighted Photographs.

28. The making or the distribution, or both, of the photographs associated with the Copyright Registrations without attribution or license is actionable as acts of infringement under section 501 and fully subject to the remedies provided by sections 502 through 506 and 509.

29. Defendant's predatory conduct was clearly intentional within the meaning of 504(c)(2) for purposes of enhancing statutory damages. Defendant knew its actions constituted an infringement or at the very least acted with reckless disregard to Plaintiff's rights.

30. Defendant's knowledge and intent may be inferred from its conduct including the reckless disregard of Plaintiff's right (rather than actual knowledge of infringement), which suffices to warrant award of the enhanced damages.

31. As a direct and proximate result of each of the Defendant's infringement, Plaintiff has incurred actual damages in the form of license fees while Defendant has used Plaintiff's Copyrighted Photographs for their own commercial gain in an amount that will be determined at trial. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000, for each infringement of each copyright registration identified in **Exhibit A**, as available under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. statutory damages in the amount of $150,000 per infringement for each Copyright Registration identified in the annexed **Exhibit A**, but in no case less than $30,000 with respect to each infringement, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

B.   for Plaintiff's actual damage if Plaintiff so elects;

C.   attorneys' fees costs and disbursements in this action pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117; and,

D.   For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: March 8, 2016                                         **GARBARINI FITZGERALD P.C.**

                                                             By: _____
                                                             Richard M. Garbarini
                                                             Richard M. Garbarini (*pro hac vice*)
                                                             250 Park Avenue
                                                             7th Floor
                                                             New York, New York 10177
                                                             Telephone: (212) 300-5358
                                                             Facsimile: (347) 218-9479

# Exhibit A