IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

LARRY G. PHILPOT,

                         Plaintiff,                                OPINION & ORDER

     v.

                                                                      16-cv-145-wmc

MIDWEST COMMUNICATIONS, INC.,

                         Defendant.
───────────────────────────────────────────────────────────────

      Plaintiff Larry Philpot originally filed this lawsuit against defendant Midwest Communications, Inc., for copyright infringement of certain photographs. In response, Midwest Communications served and filed not just an answer, but its own counterclaims against Philpot. Although represented by counsel when he brought suit, Philpot's counsel withdrew after Midwest Communications filed its answer and counterclaim. Philpot is now acting *pro se*.

      On June 7, 2016, Midwest Communications filed a motion for entry of default under Fed. R. Civ. P. 55(a), on the ground that Philpot had failed to answer (or otherwise defend against) the counterclaims by the 21-day deadline for doing so set forth in Fed. R. Civ. P. 12(a)(1)(B). That deadline passed on April 21, 2016. Philpot has since filed an answer to the counterclaims, as well as a brief in opposition to the motion for default.

      Midwest Communications' motion for default will be denied. The Court of Appeals for the Seventh Circuit has a "well established policy" for "favoring a trial on the merits over a default judgment." *Sun v. Board of Trustees of University of Ilinois*, 473 F.3d 799, 811-12 (7th Cir. 2007). For this reason, a court may enter a default judgment "only when a party wilfully disregards pending litigation." *Id.* Here, there is no indication that Philpot is

willfully disregarding this case. Although his answer to the counterclaims was untimely, the primary reason for his delay was because he had recently lost the assistance of counsel and is now acting *pro se*. He has since filed an answer, as well as an amended complaint and other court filings. Thus, his actions show that he intends to both pursue his own claims and defend the counterclaims in this case.

One other motion is pending in this case. On June 27, Philpot filed a "request for a deadline of 21 days to obtain an attorney." (Dkt. #19.) This motion will be denied as unnecessary. Philpot is free to look for an attorney willing to represent him in this case, but there is no need for a court deadline by which he must find an attorney. If, at some point, Philpot finds counsel to represent him, the court will address issues relating to scheduling that may arise. If he wishes to be represented by counsel, Philpot should act quickly, because the trial date in this case is unlikely to be moved.

## ORDER

IT IS ORDERED that:

1. Defendant Midwest Communications' motion for entry of default (dkt.#16) is DENIED.

2. Plaintiff Larry Philpot's motion for a deadline by which to find counsel (Dkt. #19) is DENIED as unnecessary.

Entered this 5th day of October, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge